IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

ANTONIO KNIGHT,

    Plaintiff,
v.                                                                    CASE NO. 4:05-cv-00037-MP-EMT

JAMES V. CROSBY, JR.,

    Defendant.

_____/

**O R D E R**

This matter is before the Court on Doc. 20, Report and Recommendation of the Magistrate Judge, which recommends that Petitioner Knight's petition for writ of habeas corpus be denied. The Magistrate Judge filed the Report and Recommendation on Thursday, September 28, 2006. The parties have been furnished a copy of the Report and Recommendation and have been afforded an opportunity to file objections. Pursuant to Title 28, United States Code, Section 636(b)(1), the Court must make a de novo review of those portions to which an objection has been made. Petitioner has filed a Motion to Alter of Amend Judgment, Doc. 21, which the Court will construe as an objection to the Magistrate's Report as no judgment has been entered.

Petitioner was found guilty by a jury of aggravated stalking and sentenced to ten years imprisonment. Both the sentence and conviction were upheld by the First District Court of Appeal, and Petitioner then sought post-conviction relief for the same error he presents now–denial of effective assistance of counsel due to an undisclosed conflict of interest. The Circuit Court for Leon County denied Petitioner's motion, and the First District Court of Appeal affirmed the denial. Petitioner now seeks habeas corpus relief based upon the denial of his Sixth Amendment guarantee of effective assistance of counsel.

Petitioner alleges that trial counsel was ineffective for failing to withdraw from the representation after counsel discovered that he also separately represented the alleged victim and primary state witness in Petitioner's case. This was the sole claim raised by Petitioner in the state court post-conviction proceedings, and an evidentiary hearing was held on this claim. Trial counsel for Petitioner, Johnny Devine, testified at the evidentiary hearing that during his representation of Petitioner, he discovered that he had signed a notice of appearance for the victim, Nyla Turner, in Ms. Turner's DUI case, but that he had no knowledge of Ms. Turner or her case, and that he had never spoken with her. Further, even though Mr. Devine did not believe that any conflict existed, he testified that he informed Petitioner about the possible conflict and then obtained Petitioner's consent to continue the representation.

Although Petitioner testified at the hearing that Mr. Devine never informed him of any possible conflict, the state court determined that Mr. Devine's account was more credible, and found that no actual conflict existed and that any possible conflict did not adversely affect Mr. Devine's representation of Petitioner. The Court agrees with the Magistrate that Petitioner has not met his burden of showing by clear and convincing evidence that the state court's factual findings, in light of the evidence in the record, were unreasonable. Further, the Court also agrees that because Petitioner has failed to establish that an actual conflict of interest adversely affected his lawyer's performance, he cannot state a claim under the Sixth Amendment. See Cuyler v. Sullivan, 446 U.S. 335, 348, 100 S. Ct. 1708, 64 L. Ed. 2d 333 (1980); Mills v. Singletary, 161 F.3d 1273, 1287 (11th Cir. 1998). Because the state court's legal conclusion was not contrary to or an unreasonable application of clearly established Supreme Court law, habeas corpus relief is not available.

Petitioner contends that because the trial court was never made aware of any potential conflict, and because the evidentiary hearing never inquired into whether he made a knowing and intelligent waiver of any conflict, the facts found by the state court should not be followed. Because of the deference owed to the factual findings of the state court, this Court will not second-guess any determination unless objectively unreasonable.  As previously stated, Petitioner has met his burden of proving the unreasonableness of these factual findings. Therefore, having considered the Report and Recommendation and the objections thereto filed, I have determined that the Report and Recommendation should be ADOPTED.  Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. The Magistrate Judge's Report and Recommendation is adopted and incorporated by reference in this order.

2. Petitioner Knight's petition for writ of habeas corpus, Doc. 1, is DENIED.

**DONE AND ORDERED** this   *29th* day of November, 2006

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge